UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC LYNCH, | ) | Case No.: 1:07 CV 2742 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| JULIUS WILSON, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

On September 11, 2007, Petitioner Cedric Lynch ("Lynch" or "Petitioner") filed a Petition for a Writ of Habeas Corpus ("Petition," ECF No. 1), pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction for engaging in a pattern of corrupt activity pursuant to Ohio Revised Code § 2923.32(A)(1). In this Petition, Lynch argues that his due process rights were violated where the trial court "patently and unambiguously lacked jurisdiction to convict and sentence petitioner on the charge of 'engaging in a pattern of corrupt activity,' where, as a matter of law there was only one 'predicate offense' to support [the charge]." Lynch was indicted in August 2002, on numerous counts related to suspected drug activity. He was ultimately charged with one count of possession of cocaine, one count of possession of criminal tools, and one count of engaging in a pattern of corrupt activity. Lynch argues in his Petition that the crime of "engaging in a pattern of corrupt activity" requires proof beyond a reasonable doubt of two or more predicate offenses. He further notes that the statute listing crimes that constitute "predicate offenses"

includes possession of cocaine, but not possession of criminal tools. Lynch reasons that because there was only proof beyond a reasonable doubt of one predicate offense, he could not, as a matter of law, be convicted of engaging in a pattern of corrupt activity.

On January 22, 2008, Respondent Julius Wilson ("Respondent") filed a Return of Writ, arguing that Lynch's Petition should be dismissed on three grounds: first, the statute of limitations for filing his federal habeas corpus petition had expired, second, that Petitioner failed to exhaust state remedies prior to filing suit, and third, Petitioner failed to demonstrate "actual innocence," which would excuse a procedural mistake by a petitioner and allow the court to grant relief.

This court referred the case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation. Magistrate Limbert, in his Report and Recommendation, agreed with Respondent that Petitioner failed to exhaust state remedies by failing to raise the claim now at issue before the state court on direct appeal. He also agreed that Petitioner could not demonstrate "actual innocence" because he did not offer any new evidence to demonstrate that he was innocent of the crime. Magistrate Limbert did, however, disagree with Respondent on the statute of limitations issue, finding that it had not run for Lynch's federal habeas corpus petition.

Both Respondent and Petitioner filed objections to Magistrate Limbert's Report and Recommendation. Respondent objected only to the decision's analysis on the statute of limitations issue. Petitioner did not offer any substantive objections to the Magistrate's Report. Instead, he requested that this court dismiss the federal habeas petition without prejudice during the pendency of his state court petition for habeas relief.

As there are no objections to the exhaustion issue as determined by Magistrate Limbert, the court adopts this analysis in full. Because the court finds that Petitioner failed to exhaust his remedies before filing his Petition, the court must dismiss his Petition. However, Respondent objected to Magistrate Limbert's recommendation regarding the statute of limitations, and the court will now address this issue.

As stated in pertinent part in 28 U.S.C. § 2244(d), a state prisoner seeking habeas relief must file a petition within one year of "the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review." The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state court. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). An application for post-conviction relief is properly filed when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 9 (2000).

In the instant case, both Magistrate Limbert and Respondent agree that Petitioner improperly filed two actions - a Motion to Vacate Void Judgment and a state habeas petition - which failed to toll the statute of limitations. Magistrate Limbert, however, found that appeals sought from these improperly filed actions did toll the statute of limitations, which resulted in this action not being time-barred. Respondent, on the other hand, contends that the statute continued to run through these appeals and expired before Lynch filed his Petition. Therefore, the sole remaining issue before this court is whether the appeals from Lynch's improperly filed post-conviction, collateral actions tolled the statute of limitations.

The court finds Respondent's objection well-taken. Respondent cites *Insrafil v. Russell*, 276 F.3d 768 (6th Cir. 2001) to support its position. *Insrafil* also involved a federal habeas petition, in which the petitioner in that case improperly filed a third post-conviction petition in state court. After the state trial court found that the post-conviction petition was untimely and therefore improperly filed, the petitioner appealed this decision. The state appellate court affirmed the trial court's decision. The Sixth Circuit found that both this third post-conviction petition, including the subsequent appeal, did not toll the statute of limitations. Based on this case, the court agrees that the appeals from Lynch's improperly filed post-conviction actions failed to toll the statute of limitations. Thus, Lynch's federal habeas Petition is time-barred.

The court notes that it may well be that Petitioner is correct regarding his substantive claim in this case but the court is required to dismiss his Petition because the Petitioner did not exhaust his remedies and the claim was not filed within the applicable statute of limitations. Therefore, it would be inappropriate to grant the request Petitioner made in his Objection that the court dismiss his case without prejudice so that he might exhaust his remedies.

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
United States District Judge

January 30, 2009